KANSAS CITY SOUTHERN TRANSPORT Co., INC. *v.* ARK.-BEST FREIGHT SYSTEM.

5-2036                                    332 S. W. 2d 493

Opinion delivered February 29, 1960.

*Hardin, Barton, Hardin & Garner,* for appellant.

*Thomas Harper,* for appellee.

Jim Johnson, Associate Justice. This case involves a controversy between two common carriers of freight by motor vehicle.

On the 13th day of September 1955, appellant, Kansas City Southern Transport Company, Inc., hereinafter referred to as KCS, and appellee, Arkansas-Best Freight System, Inc., hereinafter referred to as ABF, entered into what is commonly referred to as a "trailer interchange contract", which contract described certain rights, duties and obligations pertaining to the interchange of trailers.

On January 17, 1956, while one of appellant's trailers was in appellee's possession, by virtue of an earlier interchange of trailers, appellant's trailer was destroyed by fire.

On November 29, 1956, complaint was filed by ABF against KCS charging that the parties had interchanged trailers admitting the destruction of KCS's trailer while in ABF's possession, alleging that ABF had tendered to KCS a trailer of equal value to KCS's destroyed trailer; that KCS had refused to accept said trailer in satisfaction of its claim against ABF; that KCS had refused to return to ABF the trailer that it had received in exchange at the time ABF received KCS's trailer, which was destroyed; that ABF was liable to KCS for the market value of the trailer which did not have a market value exceeding $1,500 at the time of the destruction and that from and after the 24th of February 1956, KCS was liable to ABF under the terms of the interchange agreement, which was attached to the complaint and made a part thereof, in the amount of $8.00 per day until KCS delivered into the possession of ABF the trailer that it had received in exchange.

Demurrer was filed by KCS, defendant below, supported by memorandum, on the ground that the Circuit Court would not have jurisdiction to determine the rights of the parties, as alleged in the complaint, and that by reason thereof the Chancery Court was the court

that would have jurisdiction over the cause. The demurrer was overruled. Since the value of trailers fell within a specialized field, the parties agreed to arbitrate the value of KCS's destroyed trailer and of ABF's trailer offer in settlement, though KCS contended that the value of the latter had no bearing on the issues since it was entitled to recover the value of its trailer at the time of destruction. Arbitration resulted in the fixing of the value of both trailers at $2,100. Thereafter, Answer and Cross-Complaint was filed by KCS denying all material allegations of the Complaint and alleging that ABF was indebted to it for $2,100, the value of KCS's destroyed trailer as found by arbitration, and further alleging that ABF was indebted to it on a rental basis from and after July 19, 1956, on another trailer that had been received by ABF on a rental basis rather than by interchange. KCS specifically denied being indebted to ABF for any rental as complained of in the Complaint.

ABF filed answer to KCS's Cross-Complaint denying any indebtedness to it as set forth in the Cross-Complaint.

Finally on the 25th day of June 1959, the Court entered a judgment which interpreted the interchange contract and made a determination as to the rights of the parties. The adjudging portion of said judgment is as follows:

"It is, therefore, considered, ordered and adjudged that the sole remaining issue in this case, to-wit the determination of the correctness of plaintiff's contention as to the excess possession of trailers, be transferred to equity for the purpose of an accounting between the parties and upon the making of such determination, defendant shall be adjudged liable for trailer rental at the rate of $8.00 per day per trailer for any such excess, as aforesaid, and plaintiff shall be adjudged liable to defendant for $2,100, as aforesaid, to which findings, judgment and order of the Court, the defendant excepts and causes its exceptions to be noted of record."

For reversal appellant relies on three points. The only one we reach in this opinion is as follows:

"The Court erred in entering judgment and acted in excess of its jurisdiction."

We agree with the Circuit Judge that since an accounting is involved the cause should be transferred to Equity. *Goodrum* v. *Merchants & Planters Bank of England,* 102 Ark. 326, 144 S. W. 198, Ann. Cas. 1914A, 511; and when Equity takes jurisdiction it does so for all purposes, *Jarett* v. *Langston,* 99 Ark. 438, 138 S. W. 1003. The judgment is therefore reversed and remanded to Circuit Court with directions to transfer the whole cause to Equity.